1
2
3
4
5
6
7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11  CALVIN WRIGHT,

12                                              Petitioner,

13                      v.

14  UNKNOWN, Warden

15                                              Respondent.

Civil No.    06-2313 BEN (JMA)

**ORDER DISMISSING CASE
WITHOUT PREJUDICE AND WITH
LEAVE TO AMEND**

16      On October 16, 2006, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for

17  Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").

18                  **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19      Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in

20  forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00

21  filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without

22  prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this

23  case, he must submit, **no later than January 12, 2007,** a copy of this Order with the $5.00

24  fee or with adequate proof of his inability to pay the fee.

25                  **FAILURE TO NAME A PROPER RESPONDENT**

26      Further, review of the Petition reveals that Petitioner has failed to name a proper

27  respondent.  On federal habeas, a state prisoner must name the state officer having custody of

28  him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing

Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner."  *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has failed to name a Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE A COGNIZABLE CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for

federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a) (emphasis added).

Here, Petitioner claims that the trial court committed prejudicial error in admitting certain evidence, the trial court erroneously failed to give certain jury instructions.  (Pet. At 6-9.)  However, in no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case.  He must exhaust state judicial remedies before bringing his claims via federal habeas.  State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Moreover, to properly exhaust state court judicial remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>."  *Id.* at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court

1    trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must

2    say so, not only in federal court, but in state court." *Id.* (emphasis added).

3        Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective

4    Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of

5    limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant

6    to the judgment of a State court.  The limitation period shall run from the latest of:

7               (A) the date on which the judgment became final by the
               conclusion of direct review or the expiration of the time for
8               seeking such review;

9               (B) the date on which the impediment to filing an
               application created by State action in violation of the Constitution
10              or laws of the United States is removed, if the applicant was
               prevented from filing by such State action;

11

12              (C) the date on which the constitutional right asserted was
               initially recognized by the Supreme Court, if the right has been
               newly recognized by the Supreme Court and made retroactively
13              applicable to cases on collateral review; or

14              (D) the date on which the factual predicate of the claim or
               claims presented could have been discovered through the
15              exercise of due diligence.

16   28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

17       The Court also notes that the statute of limitations does not run while a properly filed

18   state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183

19   F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that

20   "an application is 'properly filed' when its delivery and acceptance [by the appropriate court

21   officer for placement into the record] are in compliance with the applicable laws and rules

22   governing filings.").  However, absent some other basis for tolling, the statute of limitations

23   does run while a federal habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82

24   (2001) (emphasis added).

25                              **CONCLUSION**

26       Based on the foregoing, the Court **DISMISSES** this action without prejudice because

27   Petitioner has failed satisfy the filing fee requirement, failed to name a proper respondent and

28   failed to state a cognizable federal claim.  To have this case reopened, Petitioner must, **no**

1   **later than <u>January 12, 2007</u>**, (1) pay the filing fee or provide adequate proof of his inability

2   to pay **and** (2) file a First Amended Petition that cures the pleading deficiencies set forth

3   above.  **For Petitioner's convenience, the Clerk of Court shall attach to this Order, a**

4   **blank motion to proceed in forma pauperis and a blank First Amended Petition for**

5   **Habeas Corpus form.**

6         **IT IS SO ORDERED.**

7

8   DATED:  December 11, 2006

9   _____

10  Hon. Roger T. Benitez
    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28