UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN WRIGHT,<br><br>　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>DON TAYLOR, Warden,<br><br>　　　　　　　　　Respondent. | Civil No.   06cv2313-BEN (POR)<br><br>**REPORT AND RECOMMENDATION DENYING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 7]** |

## I. INTRODUCTION

Petitioner Calvin Wright, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in San Diego County Superior Court, Case No. SCE218359. Respondent moves to dismiss the Petition on grounds it contains claims that Petitioner failed to exhaust before the state of California's highest tribunal as required by law. After thorough review of the First Amended Petition for Writ of Habeas Corpus ("Petition"), Respondent's Motion to Dismiss, and all supporting documents, this Court finds that all grounds for relief in this Petition are exhausted. Accordingly, this Court recommends Respondent's Motion to Dismiss be DENIED.

///
///
///
///
///

## II. PROCEDURAL BACKGROUND

On August 5, 2002, a jury convicted Petitioner of resisting a police officer by force or violence, in violation of California Penal Code section 69.[1]  (First Amended Petition at 1-2.)  The trial court also found that Petitioner committed six prior serious or violent offenses, which brought him within the sentencing provisions of California's three strikes law for recidivists. (Lodgment 1 at 4.)  As a result, Petitioner was sentenced to a prison term of twenty-five years to life. (Id.)

Petitioner filed a direct appeal of his conviction to the California Court of Appeal, Fourth Appellate District, Division One.[2]  In that appeal, Petitioner argued that the trial court erroneously: 1) admitted evidence of uncharged jailhouse conduct; 2) failed to give a unanimity instruction; 3) gave an inaccurate oral instruction; and 4) failed to sua sponte instruct on his excessive force defense. (Id. at 1.)  On June 20, 2004, the Court of Appeal affirmed Petitioner's conviction. (Id.)

On August 9, 2004, Petitioner sought direct review in the California Supreme Court. (Lodgment 2.)  In that appeal, Petitioner asserted: 1) the trial court committed prejudicial error in admitting evidence of Petitioner's jailhouse conduct; 2) reversal is required based upon the trial court's refusal to grant Petitioner's request for a proper instruction on the necessity of jury unanimity; 3) the trial court erred in giving an impromptu oral instruction which was neither a proper limiting instruction nor did it cure the error of failing to give CALJIC No. 1701; and 4) the trial court committed prejudicial error in failing to instruct on Petitioner's excessive force defense. (Id. at 2-3.)  On September 15, 2004, the California Supreme Court denied the petition for review. (Lodgment 3.)

---

[1] The factual details of this case are not necessary for this Court's review of Respondent's Motion to Dismiss; hence, no detailed summary is included.  In sum, Petitioner's conviction arose out of a dispute on January 1, 2002 between Petitioner and an acquaintance at the apartment complex they both inhabited.  The police were called and while speaking with Petitioner they noticed the smell of alcohol on his breath, in violation of a previous parole conviction that precluded him from drinking alcohol. When the police officers attempted to arrest him, Petitioner forcefully struck one of the officers in the chest and fled.  The officers caught Petitioner and handcuffed him and Petitioner proceeded to kick and spit on the officers and threatened to kill them.  Petitioner was taken to jail and while he was in the process of being booked, Petitioner attempted to bite an officer, spit on him and threatened to kill him and his family.

[2] The filing date of Petitioner's direct appeal is not known, but is not necessary for this Court's review of Respondent's Motion to Dismiss.  Petitioner's direct appeal to the appellate court is not included in the lodgments.

1   On November 29, 2004, Petitioner filed a writ of habeas corpus in the California Supreme
2   Court. (Lodgment 4.) Petitioner alleged that his due process rights and his right to a fair trial were
3   violated by the trial court when it allowed evidence of an uncharged offense to be admitted at trial.
4   (Id. at 3.) In particular, Petitioner argued his rights were violated when the trial court allowed
5   evidence of his post-arrest jailhouse misconduct where he resisted attempts to be photographed,
6   required restraint by a host of police officers and threatened the life of an officer and his family.
7   (Id.) On October 12, 2005, the state habeas petition was denied by the California Supreme Court,
8   citing In re Waltreus, 62 Cal.2d 218 (1965) (holding that claims raised on direct appeal cannot be
9   reviewed on habeas corpus). (Lodgment 5.)

10   On October 16, 2006, Petitioner filed a federal petition for writ of habeas corpus in this
11  Court. In its December 11, 2006 Order, this Court dismissed the case without prejudice because
12  Petitioner failed to satisfy the filing fee provision, failed to name a proper respondent and failed to
13  state a cognizable claim. (Doc. No. 6 at 1.) This Court instructed Petitioner that to have his case
14  reopened, he had to satisfy the filing fee requirement and file a First Amended Petition no later than
15  January 12, 2007. (Id.) Petitioner filed the First Amended Petition for Writ of Habeas Corpus with
16  this Court on January 16, 2007. However, it was signed and delivered to prison authorities on
17  January 11, 2007.[3] On January 23, 2007, this Court ordered Respondent to file a response.

### III. DISCUSSION

19  Petitioner raises four grounds for relief in this Petition. The Petition alleges Petitioner's due
20  process rights were violated when the trial court: 1) committed prejudicial error in admitting
21  evidence of his post-arrest jailhouse conduct; 2) failed to give a unanimity instruction; 3) gave an
22  inaccurate oral instruction; and 4) committed prejudicial error in failing to instruct on Petitioner's
23  excessive force defense. (Petition at 6-9.) Respondent argues this Petition should be dismissed
24  because Petitioner has failed to exhaust available state-court remedies on all grounds for relief.
25  (Doc. No. 7 at 5.) Specifically, Respondent contends that Petitioner exhausted only his first ground

---

[3] In accordance with the mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), an incarcerated *pro se* prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to the clerk of court. The mailbox rule is applied to federal habeas filings. Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

for relief when it was presented to the California Supreme Court on direct and collateral review. (Id. at 5-6.) Respondent argues grounds two, three and four are unexhausted because Petitioner did not allege the violation of any federal rights when he presented the grounds for relief to the state court. (Id.)

Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). Lindh v. Murphey, 521 U.S. 320, 336 (1997). AEDPA requires that a writ of habeas corpus not be granted unless it appears that the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1) (Westlaw 2007); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991). However, AEDPA also states that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (Westlaw 2007). AEDPA does not bar federal habeas corpus relief because of a prisoner's "failure to exhaust state remedies no longer available at the time habeas is sought," but requires only an exhaustion of those "remedies still open to the habeas applicant at the time he files his application in federal court." Keener v. Ridenour, 594 F.2d 581, 584 (1979). Accordingly, a petitioner can satisfy exhaustion pursuant to AEDPA by either: 1) fairly and fully presenting each federal claim to the state's highest court, or 2) showing there is no state remedy available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

In addition, the United States Supreme Court has "adopted a rule of 'total exhaustion,' requiring that all claims in a habeas petition be exhausted before a federal court can act on the petition." Jackson v. Roe, 425 F.3d 654, 658 (9th Cir. 2005) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)). Under the rule announced in Rose, a district court has to "dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose, 455 U.S. at 510.

**A. Exhaustion by Fairly and Fully Presenting Each Federal Claim to the State's Highest Court**

To satisfy exhaustion, a petitioner must provide the state courts one full opportunity to rule on his federal habeas claims before presenting those claims to the federal court. See O'Sullivan v.

Boerckel, 526 U.S. 838, 844-45 (1999) (requiring petitioners to give state courts a "fair opportunity to act on their claims," that is, "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). In order to provide the state courts this opportunity, the petitioner must fairly present each federal claim to the state's highest court. A claim is fairly presented if petitioner allowed the California Supreme Court a fair opportunity to rule on the merits of every issue raised in his federal habeas petition. Granberry v. Greer, 481 U.S. 129, 133-34 (1987); see also Anderson v. Harless, 459 U.S. 4, 6 (1982) (stating that a claim is fairly presented if the petitioner has described the operative facts and the federal legal theory on which the claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim). A "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999).

To fairly present a federal claim to the state court the petitioner must alert the state court to the fact that he is asserting a federal claim. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), as amended upon denial of hearing en banc, 247 F.3d 904 (9th Cir. 2001) (holding that "a petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims"). The petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal constitution or statutes, or by citing to federal case law. Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005). Such explicit fair presentation must be made not only to the trial or post-conviction court, but to the state's highest court as well. Baldwin v. Reese, 541 U.S. 27, 32 (2004).

The Ninth Circuit has stated that "the Petitioner must refer to federal law in state court explicitly [but] exhaustion is satisfied once the Petitioner makes that explicit reference even if Petitioner relies predominantly on state law before the state courts." Insyxiengmay, 403 F.3d at 668. In Jones v. Smith, exhaustion was satisfied when "Petitioner's state court briefs explicitly invoked his Sixth Amendment right.....Such invocation...was sufficient to keep the issue alive in state courts, notwithstanding the fact that his state court briefs predominantly cited state court cases." 231 F.3d

1227, 1231 (9th Cir. 2000).

### 1. Ground One

Ground one of the Petition alleges a violation of Petitioner's due process rights when the trial court admitted evidence of Petitioner's jailhouse misconduct.  Petitioner exhausted this ground for relief when he presented it to the California Supreme Court on direct and collateral review.  Petitioner argues his due process rights were violated and explicitly cites federal case law to support this ground. (Lodgment 2 at 2; Lodgment 4 at 3.)  Petitioner cites to three federal cases to support his due process claim: Estelle v. McGuire, 502 U.S. 62, 75 (1991); Duncan v. Henry, 513 U.S. 364, 366 (1995); and Appendi v. New Jersey, 530 U.S. 466 (2000).  (Id.)  Because Petitioner cites only federal case law to support this ground, the Court presumes that Petitioner refers to the federal Due Process Clause.  Petitioner's explicit reference to the due process clause and federal case law apprised the state court of the federal nature of this ground for relief.  See Insyxiengmay, 403 F.3d at 668 ("[T]he Petitioner must refer to federal law in state court explicitly [but] exhaustion is satisfied once the Petitioner makes that explicit reference even if Petitioner relies predominantly on state law before the state courts.").  Therefore, Petitioner provided the state court a full opportunity to rule on the first ground of relief before presenting it to this Court and accordingly, ground one is exhausted.

### 2. Ground Two

Petitioner's second ground for relief alleges that his due process rights were violated when the trial court failed to give a unanimity instruction.  Petitioner raised this ground on direct review to the California Supreme Court.  Although Petitioner relied primarily on California state law in his petition for review to the supreme court, he alleged a due process violation and cited to federal case law in support of this ground. (Lodgment 2 at 2.)  Petitioner stated in his petition for review:

> In a prosecution for resisting arrest by a police officer is defendant denied *due process and his right to a jury trial* when three separate acts of resisting are presented to the jury for consideration, where the defendant has a separate and distinct defense to two of the incidents and the jury was improperly allowed to consider the third incident because of the lack of a proper unanimity instruction and a defective impromptu limiting instruction?

(Id.) (emphasis added.)

Petitioner cited to five federal cases to support his due process claim.  (Lodgment 2 at 2.)  In

1   particular, Petitioner cited: <u>Sullivan v. Louisiana</u>, 508 U.S. 275 (1993) (holding that instruction that
2   lightens prosecution burden infects verdict and reversal per se required); <u>Apprendi v. New Jersey</u>,
3   530 U.S. 466, 490 (2000) (stating that jury must determine the truth of enhancements); <u>Blakely v.
4   Washington</u>, 124 S.Ct. 2531 (2004) (stating that the state sentencing scheme unconstitutional where
5   sentence increased based upon facts not passed upon by jury); <u>United States v. Gaudin</u>, 515 U.S.
6   506, 522-23 (1995) (holding there was a due process violation where all elements of offense not put
7   to jury); and <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980).  (<u>Id.</u>)   Because Petitioner cites to California
8   and federal case law to support this ground, the Court presumes that Petitioner refers to the
9   California and federal Due Process Clauses.

10  Petitioner relied predominantly on California state law in his argument section, but
11  nonetheless, the explicit reference to federal law satisfies the exhaustion requirement under 28
12  U.S.C. § 2254(b)(1).  <u>See</u> <u>Insyxiengmay</u>, 403 F.3d at 668.  Accordingly, Petitioner has exhausted the
13  second ground for relief in this Petition.

14  **3. Grounds Three and Four**

15  Petitioner's third and fourth ground for relief allege that his due process rights were violated
16  when the trial court gave an inaccurate oral instruction and failed to instruct on Petitioner's
17  excessive force defense.  (Petition at 7-9.)  Petitioner has failed to fairly present both grounds to
18  California's highest court.  Petitioner did not raise either ground for relief on collateral review to the
19  California Supreme Court.  (Lodgment 4.)  Petitioner alleged both grounds on direct review to the
20  California Supreme Court but at no time did he reference specific provisions of the United States
21  Constitution, cite to a federal statute, or even cite to a single federal case.  <u>See</u> <u>Lyons</u>, 232 F.3d at
22  669.  Likewise, Petitioner raised both grounds before the court as arising under California law and at
23  no time did he indicate, explicitly or otherwise, the claim was a federal one.  (Lodgment 2 at 3, 26-
24  36.)

25  Therefore, Petitioner did not afford the California courts a full opportunity to review the
26  issues presented by his last two grounds for relief in this Petition.  <u>See</u> <u>Picard</u>, 404 U.S. at 275.
27  Petitioner never apprised the state court of the federal nature of his claim and thus, he has not
28  satisfied the fair presentation prong of the exhaustion requirement.  However, as discussed below,

1  the Court finds both grounds are nevertheless exhausted because there are no further state remedies
2  available to Petitioner.

**B. Exhaustion by a Procedural Bar under California Law**

4        The exhaustion requirement is also satisfied "if it is clear that [Petitioner's] claims are now
5  procedurally barred under [state] law." Gray v. Netherland, 518 U.S. 152, 161 (1996) (quoting
6  Castille v. Peoples, 489 U.S. 346, 351 (1989); Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982)
7  (noting that the exhaustion requirement applies "only to remedies still available at the time of the
8  federal petition"); see also Cassett v. Stewart, 406 F.3d 614, 621 (9th Cir. 2005) (stating "a habeas
9  petitioner who has defaulted his federal claims in state court meets the technical requirements for
10 exhaustion; there are no state remedies any longer available to him"); Phillips v. Woodford, 267
11 F.3d 966, 974 (9th Cir. 2001) (deciding that "the district court correctly concluded that Phillip's
12 claims were nonetheless exhausted because a return to state court would be futile").

13       Even though Respondent does not address whether Petitioner still has any remedies available
14 to him in state court, "federal courts are authorized, indeed required, to assess the likelihood that a
15 state court will accord the habeas petitioner a hearing on the merits of his claim." Harris v. Reed,
16 489 U.S. 255, 268 (1989) (O'Connor, J., concurring).

17       "[T]he general rule [under California law] is still that, absent justification for the failure to
18 present all known claims in a single, timely petition for writ of habeas corpus, successive and/or
19 untimely petitions will be summarily denied." In re Clark, 5 Cal. 4th 750, 797 (1993). California
20 courts refuse "to consider newly presented grounds for relief which were known to the petitioner at
21 the time of a prior collateral attack on the judgment." In re Horowitz, 33 Cal. 2d 534, 546-47
22 (1949). In California, a "defendant is not permitted to try out his contentions piecemeal by
23 successive proceedings attacking the validity of the judgment against him." In re Connor, 16 Cal. 2d
24 701, 705 (1940). The "only exception to this rule are petitions which allege facts which, if proven,
25 would establish that a fundamental miscarriage of justice occurred as a result of the proceedings
26 leading to conviction and/or sentence." In re Clark, 5 Cal. 4th at 797.

27       It is clear that Petitioner is now unable to present grounds three and four to the state supreme
28 court because they are barred by the ban on successive habeas petitions. See In re Robbins, 18 Cal.

4th 770, 799 n.9 (1998) (stating that In re Clark "serves to notify habeas corpus litigants that we shall apply the successiveness rule when we are faced with a petitioner whose prior petition was filed after the date of finality of [In re] Clark."); See also In re Clark, 5 Cal. 4th at 797-98 (1993).

Petitioner alleged the factual basis and the state law aspects of both grounds on direct review to the California Supreme Court on August 9, 2004. (Lodgment 2 at 2-3.) However, at collateral review to the California Supreme Court on November 29, 2004, Petitioner argued only one ground for relief, which is the same as ground one in this Petition. (Lodgment 4 at 3.) Petitioner was aware of grounds three and four at the time of his collateral review but chose not to present either to the California Supreme Court. In addition, the Petition does not allege facts, which if proven establishes that a fundamental miscarriage of justice occurred as a result of the proceedings leading to Petitioner's conviction and thus, Petitioner could not meet the exception to the successive petition rule. Therefore, Petitioner would be procedurally barred from returning to the California Supreme Court to submit an additional state habeas petition since it is evident that "the grounds for relief were known to the [P]etitioner at the time of a prior collateral attack on the judgment." In re Horowitz, 33 Cal.2d at 546-47.

Accordingly, this Court finds that Petitioner would be procedurally barred from returning to the California courts to present grounds three and four on a second round of collateral review because of the California rule barring successive petitions. Therefore, both grounds for relief are considered technically exhausted because a return to state court for Petitioner would be futile. See Coleman, 501 U.S. at 732 ("A habeas petitioner who had defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him.").

## IV. CONCLUSION

After thorough review of the record in this matter and based on the foregoing analysis, this Court recommends that the Motion to Dismiss be DENIED and the parties proceed with all four grounds for relief in the Petition. This Court further recommends that Respondent be ordered to file an answer to the Petition.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the

| | |
|---|---|
| 1 | United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § |
| 2 | 636(b)(1) (Westlaw 2007) and Local Rule 72.1(d). |
| 3 |     IT IS HEREBY ORDERED that **no later than August 8, 2007**, any party may file and serve |
| 4 | written objections with the Court and serve a copy on all parties.  The document should be captioned |
| 5 | "Objections to Report and Recommendation." |
| 6 |     IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no |
| 7 | later than ten days after being served with the objections.  The parties are advised that failure to file |
| 8 | objections within the specified time may waive the right to raise those objections on appeal of the |
| 9 | Court's order.  <u>Martinez v. Y1st</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991). |
| 10 | |
| 11 | DATED:  July 9, 2007 |
| 12 | |
| 13 |                                      LOUISA S PORTER<br>United States Magistrate Judge |
| 14 | |
| 15 | |
| 16 | cc:      The Honorable Roger T. Benitez<br>         All parties |