FILED

09 AUG 31 AM 10: 54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN WRIGHT,<br><br>                 Petitioner,<br>vs.<br><br>DON TAYLOR,<br><br>                 Respondent. | CASE NO. 06CV2313 BEN (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS AND DENYING PETITION** |

## INTRODUCTION

Petitioner Calvin Wright filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Louisa S. Porter issued a thoughtful and thorough Report and Recommendation recommending the Petition be denied. Dkt. No. 17. Wright filed objections. Dkt. No. 19. A district judge "may accept, reject, or modify" the Report of a Magistrate Judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). The court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the matter de novo and for the reasons that follow, the Report is **ADOPTED** and the petition is **DENIED**.

## BACKGROUND

Wright was convicted in state court of resisting a police officer by force or violence pursuant to California Penal Code § 69. The judgment was affirmed on appeal in a reasoned decision. The detailed facts surrounding Wright's arrest, based on the Court of Appeal's decision, are described in detail in the Report and only summarized briefly here.[1]

---

[1] Absent clear and convincing contrary evidence, the factual determinations of a state court are presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1).

Police, responding to calls about Wright threatening another apartment complex resident, located him in a laundry room engaged in an argument. Officer Timothy Caudell told Wright to drop a trash bag he was holding and come outside two times. Wright ignored the instructions until Caudell pulled out his pepper spray and instructed Wright again, at which point Wright dropped the bag. Wright was patted down and seated on the ground. A records search revealed he was on parole with a condition that he could not drink alcohol. Because both officers present smelled alcohol on his breath, Caudell told Wright he was under arrest and attempted to handcuff him. As Caudell pulled Wright up, Wright struck Caudell in the chest and fled. Wright was pursued and located in the complex by another officer and then taken to a patrol car by Caudell. Wright kicked and attempted to spit on and bite Caudell while being taken to the car. At the jailhouse, Wright resisted photographing and had to be restrained. Following this struggle, Wright threatened to kill Caudell and his family.

## DISCUSSION

Wright claims the trial court violated his right to due process by: (1) admitting evidence of Wright's post-arrest jailhouse misconduct and giving or failing to give a number of jury instructions. As outlined in the Report, federal habeas relief may only be granted when State court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding." 28 U.S.C. § 2254(d).

### I.   Admission of Evidence

Wright claims the admission of evidence of his jailhouse struggle with police was prejudicial propensity evidence admitted in violation of California Evidence Code § 1101. However, the Court of Appeal analyzed the admission under California Evidence Code § 1101 and found the probative value of the evidence, to show a lack of mistake or accident, outweighed any prejudice to Wright. Specifically, the Court of Appeal found that the evidence tended to show that Wright's actions were not accidental or the result of exposure to pepper spray at the scene as claimed by Wright. "[A] federal court cannot disturb . . . a state court's decision to admit prior bad acts evidence unless the admission

of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair." *Walter v Maas*, 45 F.3d 1355, 1357 (9th Cir. 1995). The Report correctly concludes that the admission of this evidence was not arbitrary or so prejudicial that it rendered the trial unfair.

Wright also challenges admission of evidence that he threatened to kill Caudell and his family. The Court of Appeal found error with admission of this evidence, but went on to find it was harmless error beyond a reasonable doubt because substantial evidence, other than Wright's threats, showed Wright resisted a police officer with force or violence. A federal court reviewing a state court's harmless error decision is limited to determining "whether the error had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). The Report properly concludes that in light of the substantial undisputed evidence of Wright's resistance, independent of Wright's threats, the admission did not have a substantial and injurious effect or influence in determining the jury's verdict.

## II.   Jury Instructions

Wright additionally raises three challenges concerning jury instructions: (1) the lack of an unanimity instruction; (2) an impromptu oral instruction; and (3) the lack of a sua sponte instruction on excessive force. As noted in the Report, the standard for federal review of jury instructions is limited to determining "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violate[d] due process." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Wright challenges the lack of an unanimity instruction on the act forming the basis for his resistance. The Court of Appeal found the unanimity instruction was not required because the trial court properly gave an oral instruction telling the jury to only consider Petitioner's pre-arrest actions in determining the count for resisting a police officer, an instruction the prosecutor did not dispute and reiterated by Wright's counsel in closing argument. The Report properly concludes the lack of an instruction under these circumstances, did not so infect the entire trial that Wright's conviction violated due process. *See Estelle*, 502 U.S. at 67.

Wright also challenges the oral instruction because the instruction did not specifically tell the jury exactly how to use the post-arrest evidence. The Court of Appeal made a number of findings

concerning this instruction, including that Wright waived all objections because he did not raise it at trial; that while possibly confusing, the instruction properly focused the jury's attention on pre-arrest conduct; and that any error in the instruction was not prejudicial because substantial evidence supported Wright's conviction. The Report properly concludes that the Court of Appeal's determination was neither contrary to nor an unreasonable application of clearly established federal law, that the instruction did not so infect the entire trial as to violate Wright's right to due process, and any error did not have a substantial and injurious effect on the jury's verdict given the substantial evidence supporting conviction. *See Estelle*, 502 U.S. at 67; *see also Brecht*, 507 U.S. at 637.

Finally, Wright challenges the trial court's failure to give an instruction concerning an excessive force defense. The Court of Appeal found that the trial court was not obligated to instruct on excessive force because that duty only arises if it appears a defendant is relying on such a defense or there is substantial evidence to support the defense. Here, the Court of Appeal found that Caudell's conduct did not require this instruction. Caudell squeezed Wright's fingers with one hand while lifting Wright from the ground for handcuffing and in response to Wright's attempts to spit on him and bite him on the way to the police car, Caudell grabbed Wright around his head and moved behind him. The Report correctly concludes that the Court of Appeal's finding was not contrary to clearly established federal law.

## CONCLUSION

After a de novo review, the Court fully **ADOPTS** Judge Porter's Report. Wright is not entitled to habeas relief and his Petition is **DENIED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: 8/31/09

Hon. Roger T. Benitez
United States District Judge